UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
2011 MAY 27 P 1:55

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC.,<br>2445 McCabe Way, Suite 400<br>Irvine, California 92614<br><br>Plaintiff,<br><br>v.<br><br>ENTREPRENUER.COM, an Internet<br>Domain Name,<br><br>Registrant:<br>Name Administration Inc. (BVI)<br>Box 10518 A.P.O.<br>Grand Cayman, Cayman Islands B.W.I.<br>KY<br><br>Defendant. | Civil Action No. 1:11cv584s<br>CMH/TRJ |

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Entrepreneur Media, Inc. ("Plaintiff" or "EMI") for its Complaint alleges the following in support of its *in rem* claim against the Internet Domain Name *entreprenuer.com* (the "Defendant Domain Name"):

## NATURE OF THE ACTION

1. Plaintiff files this *in rem* action asserting a claim for cyberpiracy under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. §§ 1125(d), *et seq.*

2. The Defendant Domain Name is confusingly similar to Plaintiff's world-famous ENTREPRENEUR® trademark and is being used by the registrant with a bad faith intent to profit from Plaintiff's substantial investment in the ENTREPRENEUR® mark.

3. In bringing this lawsuit, Plaintiff seeks a permanent injunction providing for the transfer of the Defendant Domain Name to Plaintiff EMI.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(I) because the Plaintiff cannot obtain *in personam* jurisdiction over the registrant of the Defendant Domain Name given the fact that the registrant is located outside of the United States and is not subject to personal jurisdiction in the United States. *In rem* jurisdiction is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C)(i), because the domain name registry, VeriSign, Inc., 21355 Ridgetop Circle, Dulles, Virginia 20166 ("VeriSign," the operator of the authoritative domain name registry for all .com domains), is located in this district. Further, under 15 U.S.C. §1125(d)(2)(C)(ii), upon commencement of this case, documents sufficient to establish control and authority regarding the disposition of the registration of the Defendant Domain Name will be expeditiously deposited with the Court.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and 15 U.S.C. §§ 1125(d)(2)(A) and (C), because the registry that registered or assigned the Defendant Domain Name is located in this district. A copy of the WHOIS record for the Defendant Domain Name as of May 27, 2011, is attached hereto as **Exhibit A**.

## THE PARTIES

7. EMI is a California corporation with its principal place of business at 2445 McCabe Way, Suite 400, Irvine, California 92614.

8. The Defendant Domain Name is listed in the WHOIS record as registered to "Name Administration Inc. (BVI)", Box 10518 A.P.O., Grand Cayman, Cayman Islands B.W.I., KY, with an email address of admin@nameadmininc.com.

## FACTUAL BACKGROUND
### *EMI's Trademark Rights*

9. EMI is a well-known publisher of magazines and business guides, including ENTREPRENEUR® magazine and other publications incorporating the ENTREPRENEUR® trademark (the "ENTREPRENEUR Mark") in their titles. ENTREPRENEUR® magazine is published monthly with a current paid circulation, including both subscriptions and newsstand sales, of more than 600,000. ENTREPRENEUR® magazine is sold and currently distributed in over 100 foreign countries.

10. Beginning in 1978, EMI has continuously used the ENTREPRENEUR Mark to identify the sources of its editorial and advertising content as marketed, sold and distributed through the numerous media outlets its owns, as well as through third-party media outlets, including in or through print publications such as magazines, business guides and other books, seminars and other educational events, and throughout the World Wide Web. EMI has prominently displayed the ENTREPRENEUR Mark on its letterhead, promotional literature, and media advertising, and in books and periodicals circulated throughout the United States and worldwide.

11. In addition to the goods and services described above, EMI also owns and operates a number of websites, including its flagship website at <*www.entrepreneur.com*> (the "E.com Site"), through which it disseminates its editorial content and other information, as well as offers of products and services related or of interest to businesses, business owners, and prospective

business owners, and which averages over 6 million unique visitors per month and over 52.6 million page views per month.

12. EMI owns all rights and interest in and to the ENTREPRENEUR Mark for various goods and services in a number of International Classes, including Classes 16, 35, and 41. EMI owns, *inter alia*, the following United States Trademark Registration Nos. for the ENTREPRENEUR Mark: 1,453,968; 2,502,032; and 2,263,883. These registrations are valid and subsisting and in full force and effect. True and correct copies of the registration certificates for the cited registrations are attached hereto as **Exhibit B**.

13. Additionally, EMI owns, *inter alia*, all rights and interest to the following United States Trademark Registration Nos. for marks incorporating the term "ENTREPRENEUR" for use in connection with its various media outlets, including printed and digitized books and online and/or Internet services: 3,470,064; 3,924,374; 3,519,022; 3,470,063; 3,266,532; 3,374,476; 3,652,950; and 3,204,899. These registrations are valid and subsisting and in full force and effect. True and correct copies of the registration certificates for the cited registrations are attached hereto as **Exhibit C**.

14. EMI has continuously and extensively used, advertised, marketed, and promoted the ENTREPRENEUR Mark in the United States and many foreign countries in connection with its goods and services, including its magazine and other publications. EMI has spent millions of dollars and has expended significant effort in promoting its goods and services under the ENTREPRENEUR Mark through various means, including the E.com Site. As a result of EMI's substantial investment in developing and promoting the ENTREPRENEUR Mark, the ENTREPRENEUR Mark has come to identify and distinguish EMI's goods and services and represents enormous goodwill of great value belonging exclusively to EMI.

### *The Defendant Domain Name*

15. The Defendant Domain Name is located at the following internet address: <http://entreprenuer.com>.

16. The Defendant Domain Name is an intentional misspelling of, and is confusingly similar to, the ENTREPRENEUR Mark and to the *Entrepreneur.com* domain name owned by EMI. Use of the slightly misspelled version of the ENTREPRENEUR Mark in the Defendant Domain Name is likely to cause confusion or mistake as to whether EMI is the source or sponsor of, is affiliated with, or endorses the Defendant Domain Name.

17. The Defendant Domain Name is used to display a website (the "Defendant Domain Name Site") that features content such as pay-per-click links and advertisements for categories such as: "Angel Investors," "Best Business Opportunity," "Business Opportunity Leads," "Business Opportunity Network Marketing," "Business Registrations," "Business Opportunity Seekers," "Business Registrations," "Business Startups," "Entrepreneur Business," "Entrepreneur Opportunity," and "Entrepreneurs." Defendant Domain Name Site also includes a section titled "Small Business Categories" with subsections containing pay-per-click links under the categories "Start Up," "Paper Work," "Marketing," "Going Public," "Accounting," and "Dot.Com." A true and correct copy of the home page of the Defendant Domain Name Site is attached hereto as **Exhibit D**.

18. A copyright notice is listed at the bottom of the pages on the Defendant Domain Name Site that reads "© Copyright 2007 Name Administration Inc. All rights reserved."

19. The unauthorized use of the ENTREPRENEUR Mark and confusingly similar variations thereof in the Defendant Domain Name and throughout the Defendant Domain Name Site, in connection with such business-related content as starting a business, business opportunities, and running a business, is likely to cause confusion as to the source or sponsorship

of the Defendant Domain Name, the Defendant Domain Name Site, and the content displayed thereon.

20. The Defendant Domain Name was registered and used in bad faith in violation of the ACPA. The misspelling of the ENTREPRENEUR Mark in the Defendant Domain Name is used to intentionally divert consumers from EMI's online sites, such as the E.com Site, by creating a likelihood of confusion as to whether EMI is the source or sponsor of, is affiliated with, or endorses the Defendant Domain Name, the Defendant Domain Name Site, and the content thereon. The registrant of the Defendant Domain Name has registered and used the Defendant Domain Name: (i) for the purpose of causing Internet users, who make a slight misspelling error by transposing the "u" and "e" in typing the domain name for the E.com Site, to unintentionally land on the Defendant Domain Name Site; and (ii) to thereby drive web traffic and generate pay-per-click revenue from advertising and links contained on the Defendant Domain Name Site. Such intent to create and profit from a likelihood of confusion is evidence of bad faith pursuant to 15 U.S.C. § 1125(d)(1)(B)(i)(V).

21. EMI has not authorized the use of the ENTREPRENEUR Mark in connection with the Defendant Domain Name.

## **CLAIM FOR RELIEF**
*(Cyberpiracy)*

22. EMI incorporates and realleges by reference Paragraphs 1 through 21, as though set forth in full herein.

23. The actions described above evidence bad faith intent to profit from the registration or use of the ENTREPRENEUR Mark and confusingly similar variations thereof in the Defendant Domain Name.

24.     Plaintiff is therefore entitled to an order and injunction immediately transferring the Defendant Domain Name to Entrepreneur Media, Inc.

WHEREFORE, Plaintiff prays for judgment as follows:

A.     That VeriSign be ordered to transfer the registration of the Defendant Domain Name to Entrepreneur Media, Inc.;

B.     That Entrepreneur Media, Inc. be awarded its reasonable costs and attorneys fees; and

C.     For such other relief that the Court may consider just and appropriate.

Dated: May 27, 2011                                     Respectfully submitted,

*[signature]*

Edwin L. Fountain (Va. Bar No. 31918)
Tara Lynn R. Zurawski (Va. Bar No. 73602)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: elfountain@jonesday.com
Email: tzurawski@jonesday.com

*Of Counsel:*

Mark A. Finkelstein
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 553-7502
Facsimile: (949) 553-7539
Email: mafinkelstein@jonesday.com

Ashley H. Zito
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
Telephone: (404) 581-8587
Facsimile: (404) 581-8330
Email: azito@jonesday.com

*Counsel for Plaintiff Entrepreneur Media, Inc.*

## **VERIFICATION**

Ronald L. Young, under penalty of perjury of the laws of the United States, declares:

That he is an officer of Entrepreneur Media, Inc. and directs Entrepreneur Media, Inc.'s trademark enforcement program; that he has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint and that the allegations thereof are true and correct. To the extent that matters are not within his personal knowledge, the facts stated therein have been assembled by authorized personnel, including counsel, and he is informed that the facts stated therein are true and correct.

Executed this 20th day of May, 2011 in Irvine, California.

*[signature]*
Ronald L. Young, Esq.

ATI-2473825v1