IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC.,<br>2445 McCabe Way, Suite 400<br>Irvine, California 92614<br><br>    Plaintiff,<br><br>v.<br><br>ENTREPRENUER.COM, an Internet<br>Domain Name,<br><br>    Defendant. | Case no. 1:11cv00584 (CMH/TRJ) |

## ANSWER AND COUNTERCLAIM

Defendant Entreprenuer.com, by counsel, hereby answers the Verified Complaint for Injunctive Relief ("Complaint") filed by Entrepreneur Media, Inc. ("EMI"). Defendant answers and responds to the specific numbered paragraphs as follows:

### Responses to Numbered Paragraphs

    1.    Defendant admits that the complaint purports to state a claim for cyberpiracy under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. §§ 1125(d), *et seq.* and denies and remaining allegations contained in Paragraph 1.

    2.    Denied.

    3.    Defendant admits that the complaint seeks the relief identified in Paragraph 3, and denies any remaining allegations contained in Paragraph 3.

    4.    Admitted.

5.  Defendant is without information sufficient to form a belief as to the allegations of paragraph 5 concerning EMI's alleged inability to obtain *in personam* jurisdiction and EMI's purported intention to deposit with the Court documents sufficient to establish control and authority regarding the disposition of the registration of Entreprenuer.com, and Defendant accordingly denies the allegations of Paragraph 5.

6.  Admitted.

7.  Defendant is without information sufficient to form a belief as to the allegations of paragraph 7, and accordingly denies the allegations.

8.  Admitted.

9.  Defendant admits that EMI is indeed well-known as a "trademark bully," and EMI's litigation tactics are also well-known and frowned upon even within the intellectual property community. Defendant is without information sufficient to form a belief as to the allegations of paragraph 9, and accordingly denies the allegations.

10. Defendant is without information sufficient to form a belief as to the allegations of paragraph 10, and accordingly denies the allegations.

11. Defendant admits that EMI is listed as the current owner of the entrepreneur.com domain name but, upon information and belief, EMI did not acquire and/or use the entrepreneur.com domain name to display a website until after the Defendant domain name was first registered and used fairly and in good faith. Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 11, and accordingly denies the allegations.

12. Defendant admits that the validity of the purported federal registrations has been challenged through *inter partes* cancellation proceedings at the U.S. Patent and Trademark

Office and through federal court litigation. Registration No. 2,502,032 was issued subsequent to the registration and use of the Defendant domain name. Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 12, and accordingly denies the allegations.

13.     Defendant admits that the validity of the purported federal registrations has been challenged through *inter partes* cancellation proceedings at the U.S. Patent and Trademark Office and through federal court litigation. Defendant admits that the referenced federal registrations were issued by the U.S. Patent and Trademark Office subsequent to the registration and use of the Defendant domain name. Defendant is without information sufficient to form a belief as to the remaining allegations of paragraph 13, and accordingly denies the allegations.

14.     Defendant is without information sufficient to form a belief as to the allegations of paragraph 14, and accordingly denies the allegations.

15.     Defendant admits that it is the ENTREPRENUER.COM domain name, and denies any remaining allegations contained in Paragraph 15.

16.     Defendant admits that ENTREPRENUER.COM is a common misspelling of the generic term ENTREPRENEUR. The remaining allegations of paragraph 16 are denied.

17.     Defendant admits that the ENTREPRENUER.COM domain name has been used fairly and in good faith since August 9, 2000 to display generic informational content and that such content was displayed long prior to EMI's use of ENTREPRENEUR.COM to display a website. The remaining allegations of paragraph 17 are denied.

18.     Admitted.

19.     Denied.

20.     Denied.

21.  Denied.  EMI's permission is not required to use the word "entrepreneur," or a misspelling of the word, in a generic sense.

## PLAINTIFF'S CLAIM FOR RELIEF
### (Cyberpiracy)

22.  Defendant hereby incorporates its answers to Paragraphs 1-21 of the Complaint as if fully stated herein.

23.  Denied.

24.  Denied.

Defendant denies each and every allegation, whether express or implied, contained in the Complaint that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

EMI's claims are barred by the doctrine of statutory fair use.

### Third Affirmative Defense

EMI's claims are barred by the doctrine of trademark misuse.

### Fourth Affirmative Defense

EMI's claims are barred by waiver, laches, and/or estoppel.

### Fifth Affirmative Defense

EMI's claims are barred by EMI's unclean hands.

### Sixth Affirmative Defense

To the extent that EMI is claiming that its federal trademark registrations provide it with the right to prevent use of the word "entrepreneur" and the common misspelling "entreprenuer" in association with entrepreneur information, such federal trademark registrations are invalid and/or unenforceable.

### Seventh Affirmative Defense

Defendant did not act in bad faith and EMI's claims have no colorable basis under the Anticybersquatting Consumer Protection Act or the Lanham Act.

### Eighth Affirmative Defense

Defendant reserves the right to assert additional affirmative defenses that may become known.

WHEREFORE, Defendant ENTREPRENUER.COM respectfully requests that this Court dismiss the Complaint in its entirety, and grant such further relief as this Court deems proper.

### COUNTERCLAIM

Defendant ENTREPRENUER.COM, by and through undersigned counsel, asserts the following as its Counterclaim against EMI:

### NATURE OF THE ACTION

1. This is an action for trademark cancellation, a declaration of the parties' rights, reverse domain name hijacking, and for a finding of the ENTREPRENUER.COM domain registrant's lack of bad faith under the Anticybersquatting Consumer Protection Act.

### PARTIES

2. The ENTREPRENUER.COM domain name registration is owned by Name Administration Inc. (BV), a corporation organized and existing under the laws of the Cayman

Islands, B.W.I., with its principal mailing address of Box 10518 A.P.O., Grand Cayman, Cayman Islands, B.W.I.

3. EMI has alleged that it is a California corporation with its principal place of business at 2445 McCabe Way, Suite 400, Irvine, California 92614.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. § 1125.

5. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2) and by reason of EMI's choice of forum.

## FACTUAL BACKGROUND

### *The Domain Name and its Owner*

6. The ENTREPRENUER.COM domain name registration owner, Name Administration Inc., is the owner of approximately 370,000 domain names.

7. Name Administration Inc. is in the business of registering abandoned domain names, apparently generic terms, common words, and short phrases as domain names and using the domain names to provide information to consumers on the Internet concerning the generic or plain-meaning connotation of the terms.

8. Name Administration Inc. is well known as a company that respects trademark rights.

9. The International Trademark Association, which represents the interests of 5,900 trademark owners, professionals and academics from more than 190 countries, has referred to Name Administration Inc.'s founder as a an "an expert in generic domain-name investing" and a "Web Luminar[y]."

10. The International Trademark Association holds Name Administration Inc. and its founder in such high regard that it has invited the company's founder to speak at continuing legal education events for trademark attorneys.

11. By virtue of its ownership of a large portfolio of domain names, Name Administration Inc. has been a named respondent in twenty-six (26) decisions issued under the International Corporation for Assigned Names and Number (ICANN) Uniform Domain Name Dispute Resolution Policy (UDRP), and was exonerated and found to lack bad faith under the UDRP in twenty-five (25) of the proceedings. Out of nearly 370,000 domain names, and twenty-six UDRP decisions, a single outlier decision awarded the transfer of chillibeans.com from Name Administration Inc. to a UDRP Complainant. Name Administration pursued further litigation, under the terms of the UDRP, with respect to that UDRP decision. The chillibeans.com decision was nullified and the dispute eventually settled.

12. Name Administration Inc. registered the ENTREPRENUER.COM domain name on August 9, 2000.

13. The ENTREPRENUER.COM domain name has been used for over eleven (11) years to display information concerning being an entrepreneur and/or entrepreneurship.

14. Registration and use of the ENTREPRENUER.COM domain name has been other than as a mark in that the domain name is a common misspelling of "entrepreneur" and the domain name has been used to display information concerning being an entrepreneur and/or entrepreneurship.

15. Registration and use of the ENTREPRENUER.COM domain name has been fair and in good faith in that the domain name is descriptive and/or generic for the content of the

website displayed by Name Administration Inc. for over eleven (11) years at

www.entreprenuer.com.

16. Upon information and belief, Name Administration Inc. registered and began use of the ENTREPRENUER.COM domain name prior to EMI's acquisition and/or commercial use of ENTREPRENEUR.COM.

17. Name Administration Inc. is not chartered or operated in the United States, the domain name is registered via a registrar not located in the United States, and technical support facilities for Name Administration Inc.'s operations are not located in the United States. Name Administration Inc. has had no duty of notice with respect to EMI's United States trademark registrations, and at all relevant times believed and had reasonable grounds to believe that its registration and use of the domain name was a fair use or otherwise lawful.

### *EMI and its History of Overzealous Trademark Litigation*

18. In contrast to the high regard in which Name Administration Inc. is held, EMI has been referred to by Bloomberg as "Entrepreneur, the Magazine that Sues Entrepreneurs." www.bloomberg.com/news/2011-05-19/-cite-entrepreneur-cite-the-magazine-that-sues-entrepreneurs.html.

19. In describing EMI's attempt to invalidate the third-party trademark "Entrepreneur of the Year" on grounds of genericness, About.com noted the following:

> It seems Entrepreneur Media (EMI) just can't decide exactly where it stands on intellectual property. Or perhaps more accurately, they want to stand on whichever side serves them best at any given time. … The irony here is that EMI has a long history of enforcing its own claim to the generic word "entrepreneur". … But in the process of over-aggressively defending their claim to the generic word "entrepreneur", not only are they doing damage to the entrepreneurs they go after, they also make themselves look foolish with their hypocritical stance in the E&Y lawsuit.
> http://entrepreneurs.about.com/b/2008/10/17/entrepreneur-media-wants-to-have-its-cake-and-eat-it-too.htm.

8

20. The New York Times has also written about EMI and commented:

But some legal experts wonder whether Entrepreneur Media did not just grab a questionable decision by the trademark office and run with it. "An administrative agency can make mistakes and give protection to marks that shouldn't have been protected," said Roger E. Schechter, professor of law at George Washington University. "Small businesses are at a disadvantage when this happens because litigation is expensive, risky and takes an owner's mind off the business." http://www.nytimes.com/2004/10/07/business/07sbiz.html?_r=1&pagewanted=print&position.

21. EMI is well known for its efforts to create a monopoly by improperly using trademark law to remove the word "entrepreneur" from general use, and it now apparently intends to also remove the common misspelling "entreprenuer" from general use—even when used to provide generic entrepreneur information.

22. Consistent with its track record of pursuing questionable trademark claims against the very entrepreneurs it seeks as customers for its publications, EMI has now alleged that registration and use of the ENTREPRENUER.COM domain name to display generic entrepreneur information constitutes cyberpiracy.

23. Notwithstanding EMI's allegations in the present action, it has previously and repeatedly lauded the domain name investing industry and the efforts of domain name owners such as Name Administration Inc. Following are a few examples from EMI's Entrepreneur Magazine:

*Hot Properties: What's the one thing almost every entrepreneur needs these days? A domain name. Here's a closer look at the business of buying and selling domains.* January 2001;

*Getting Your Domain Name & Complying With Legal Issues: Firs, you've got to try to find the best online name for your business. Then it's time to protect your web investment.* October 3, 2005;

*Winning Advice from a Serial Entrepreneur: GoDaddy.com Founder Bob Parson's rules to live by.* December 21, 2007;

9

*Imminent Domaining: The domain name market is a host investment opportunity for entrepreneurs.* July 25, 2008; and

*Multimillion-Dollar Domains: A look at some of the priciest names on the Internet.* April 21, 2011.

24. "Entrepreneur," and the common misspelling "entreprenuer," are generic terms for information about being an entrepreneur.

25. The word "entrepreneur," and the common misspelling "entreprenuer," are frequently used by consumers in the United States and around the world to exchange information about being an entrepreneur.

26. When used to provide information about being an entrepreneur, the primary significance the word "entrepreneur," and the common misspelling "entreprenuer," to relevant consumers, i.e., entrepreneurs, is as a generic term.

27. EMI's purported "entrepreneur" and "entrepreneur formative" trademarks are generic terms when used in association with entrepreneur information and are not entitled to trademark protection.

28. EMI's asserted trademark registrations are invalid and/or unenforceable, its claims constitute reverse domain name hijacking, and ENTREPRENUER.COM is entitled to judgment that it did not act in violation of the Anticybersquatting Consumer Protection Act.

## COUNT I
## TRADEMARK INVALIDITY
## (15 U.S.C. §§ 1064(3), 1119)

29. Consumers understand the word "entrepreneur," and the common misspelling "entreprenuer," to be the genus of any goods or services related to being an entrepreneur or entrepreneurship.

30. Consumers do not understand the word "entrepreneur," the common misspelling "entreprenuer," or any of EMI's asserted "entrepreneur" formative marks as referring to EMI's particular goods or services.

31. The word "entrepreneur," the common misspelling "entreprenuer," and EMI's asserted "entrepreneur" formative marks are understood by consumers to refer to all entrepreneur and/or entrepreneurship goods and services.

32. The primary significance of the "entrepreneur" formative marks of EMI's asserted federal trademark registrations to the relevant public are as generic terms for the goods and/or services identified in the federal registrations.

33. Pursuant to 15 U.S.C. § 1119, the Court should declare EMI's pleaded registrations for "entrepreneur" formative marks to be invalid and unenforceable.

34. The Court should further enter an order directing the U.S. Patent and Trademark Office to cancel EMI's pleaded trademark registrations for "entrepreneur" formative marks on grounds of genericness.

## COUNT II
## DECLARATORY JUDGMENT

35. ENTREPRENUER.COM realleges and incorporate each and every allegation set forth above as if fully set forth and restated herein.

36. EMI has asserted that registration and use of the ENTREPRENUER.COM domain name violates the Anticybersquatting Consumer Protection Act.

37. EMI's pleaded federal trademark registrations for "entrepreneur" formative marks, which form the basis of its cyberpiracy claim against ENTREPRENUER.COM, are invalid and unenforceable in that the marks of the registrations are generic for the identified goods and/or services. ENTREPRENUER.COM is entitled to a declaration and order from the

11

Court finding EMI's purported trademarks to be invalid and directing the U.S. Patent and Trademark Office to cancel the registrations.

38. The ENTREPRENUER.COM domain name was not registered or used in bad faith and ENTREPRENUER.COM is entitled to a declaration that it did not violate the Anticybersquatting Consumer Protection Act.

39. EMI's claim against ENTREPRENUER.COM constitutes reverse domain name hijacking in violation of the Anticybersquatting Consumer Protection Act and ENTREPRENUER.COM is entitled to a declaration that EMI has violated the Anticybersquatting Consumer Protection Act.

40. An actual and justiciable controversy exists between EMI and ENTREPRENUER.COM and, pursuant to 28 U.S.C. § 2201 and 2202, ENTREPRENUER.COM is entitled to a declaratory judgment that EMI's pleaded trademark registrations are invalid and should be cancelled, EMI has violated the Anticybersquatting Consumer Protection Act, and ENTREPRENUER.COM has not violated the Anticybersquatting Consumer Protection Act.

## COUNT III
## NO BAD FAITH INTENT/CYBERPIRACY
## (15 U.S.C. §§ 1114(2)(D)(v), 1125(d)(1)(B)(ii))

41. ENTREPRENUER.COM realleges and incorporate each and every allegation set forth above as if fully set forth and restated herein.

42. The actions described above evidence the absence of bad faith, within the meaning of Anticybersquatting Consumer Protection Act, by ENTREPRENUER.COM and Name Administration Inc. as owner of the domain name registration.

43. The actions described above evidence a belief by ENTREPRENUER.COM and Name Administration Inc. that the use of the domain name was a fair use or otherwise lawful.

44. The actions described above evidence reasonable grounds for belief by ENTREPRENUER.COM and Name Administration Inc. that the use of the domain name was a fair use or otherwise lawful.

45. ENTREPRENUER.COM is entitled to a judgment of no bad faith intent in the registration or use of the domain name.

## COUNT IV
### REVERSE DOMAIN NAME HIJACKING
### (15 U.S.C. § 1114(2)(D)(iv))

46. ENTREPRENUER.COM realleges and incorporate each and every allegation set forth above as if fully set forth and restated herein.

47. EMI is well aware that ENTREPRENUER.COM was used by Name Administration Inc. to display a website containing entrepreneur information long prior to EMI's use of entrepreneur.com to display such information.

48. EMI is well aware that, for over eleven years, ENTREPRENUER.COM has been used in a generic sense to display a website containing entrepreneur information and that the domain name is to this date used in such manner.

49. EMI has made a knowing and material misrepresentation that the ENTREPRENUER.COM domain name is identical to, confusingly similar to, or dilutive of a mark.

50. The above acts by EMI constitute reverse domain name hijacking in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1114(2)(D)(iv).

51. The foregoing actions of EMI have been knowing, deliberate, willful.

52. ENTREPRENUER.COM is entitled to a judgment that EMI's actions violate the Anticybersquatting Consumer Protection Act.

## PRAYER FOR RELIEF

WHEREFORE, ENTREPRENUER.COM respectfully requests that the Court:

1. Enter judgment on its behalf against EMI on all counts;

2. Enter an order finding that EMI's pleaded trademark registrations are invalid and unenforceable on grounds of genericness;

3. Enter an order directing the U.S. Patent and Trademark Office to cancel EMI's pleaded trademark registrations;

4. Enter an order finding an absence of bad faith, within the meaning of Anticybersquatting Consumer Protection Act, by ENTREPRENUER.COM and Name Administration Inc.;

5. Enter an order finding that EMI made a knowing and material misrepresentation that the ENTREPRENUER.COM domain name is identical to, confusingly similar to, or dilutive of a mark;

6. Enter an order enjoining EMI from any and all further efforts to force Name Administration Inc. to transfer the ENTREPRENUER.COM to EMI;

7. Enter an award of ENTREPRENUER.COM's damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1114(2)(D)(iv);

8. Enter an order finding the case to be exceptional and awarding ENTREPRENUER.COM its reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a); and

9. Awarding such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

Dated: August 29, 2011          By:      /s/_____ 
                                         Attison L. Barnes, III (VA Bar No. 30458)
                                         David E. Weslow (Pro Hac Vice pending)
                                         WILEY REIN LLP
                                         1776 K St. NW
                                         Washington, DC 20006
                                         (202) 719-7000 (phone)
                                         (202) 719-7049 (fax)
                                         abarnes@wileyrein.com
                                         dweslow@wileyrein.com

                                         *Counsel for Defendant/Counterclaimant*
                                         *Entreprenuer.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of August, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such Filing (NEF) to the following:

Edwin L. Fountain, Esq.
Tara Lynn R. Zurawski, Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
*Counsel for Plaintiff*

_____/s/_____
Attison L. Barnes, III (VA Bar No. 30458)
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC  20006
Telephone:  (202) 719-7000
Fax: (202) 719-7049
abarnes@wileyrein.com

*Counsel for Defendant*

16